UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 13-35284-AJC |
| | : | |
| IRAIMA MARIA BALDONI PINERUA, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| _____/ | | |

**TRUSTEE'S MOTION TO COMPEL DEBTOR TO TURNOVER:
(I) $12,902.42 OF NON-EXEMPT FUNDS HELD IN THE DEBTOR'S BANK
ACCOUNTS ON THE PETITION DATE; AND (II) THE 2006 KIA SORRENTO**

COMES NOW Maria Yip, Chapter 7 Trustee ("*Trustee*") by undersigned counsel, pursuant to 11 U.S.C. § 541 and 542, and files this *Motion to Compel Debtor to Turnover (I) $12,902.42 of Non-Exempt Funds Held in the Debtor's Bank Accounts on the Petition Date; and (II) The 2004 Kia Sorrento*; and in support thereof, states as follows:

1. The Debtor filed a voluntary petition Chapter 13 on October 22, 2013 (the "*Petition Date*"), and subsequently converted to a case under Chapter 7 on March 17, 2014. Maria Yip has been appointed to serve as the duly qualified Chapter 7 Trustee (the "*Trustee*").

2. The §341 Meeting of Creditors was held and concluded on May 2, 2014.

**The Bank Accounts**

3. In connection with the Rule 2004 Examination of the Debtor, the Trustee discovered that as of the Petition Date the Debtor held the total sum of $12,902.42 in various bank accounts as follows:

   a. $8,739.64 in the Debtor's Bank of America Checking Account #-2991

   b. $1,050.59 in the Debtor's Bank of America Checking Account #-3329

   c. $3,112.19 in the Debtor's Chase Bank Checking Account #-3087

4. The Debtor claimed $395.00 in exemptions on the Bank of America Checking Acct. #-2991 pursuant to Fla. Stat. § 222.25(4). The Trustee has objected to this claim of

exemption by a separate pleading: since the Debtor owns a homestead property, and claims the homestead as exempt, the Debtor is not entitled to claim additional personal property exemptions available under Fla. Stat. §222.25(4).

5.      The $12,902.42 held by the Debtor in various bank accounts as of the Petition Date is property of the estate under 11 U.S.C. §541. The Trustee is entitled to turnover of the these funds under 11 U.S.C. §542. See generally, United States v. Whiting Pools, Inc., 462 U.S. 198, 103 S. Ct. 2309 (1983) and United States v. Challenge Air International, Inc., 952 F.2d 384 (11th Cir. 1992).

### The 2006 Kia Sorrento

6.      On Schedule B, Line 25, the Debtor listed a 2006 Kia Sorrento vehicle with a value of $3,605.00 and no liens on Schedule D (the "*Kia*").

7.      The Trustee retained an appraiser to inspect and evaluate the values of the Debtor's personal property, including the Kia. Based on that appraisal, the Trustee estimates the value of the Kia is closer to $6,500.00. However, the position of the Trustee is that the market should set the actual value of the Kia.

8.      The Debtor claimed $3,605.00 in exemptions towards the Kia pursuant to Fla. Stat. § 222.25(4). The Trustee has objected to this claim of exemption by a separate pleading: since the Debtor owns a homestead property, and claims the homestead as exempt, the Debtor is not entitled to claim additional personal property exemptions available under Fla. Stat. §222.25(4).

9.      The Kia is property of the estate under 11 U.S.C. §541. The Trustee is entitled to turnover of the Kia under 11 U.S.C. §542. See generally, United States v. Whiting Pools, Inc., 462 U.S. 198, 103 S. Ct. 2309 (1983) and United States v. Challenge Air International, Inc., 952 F.2d 384 (11th Cir. 1992).

CASE NO.: 13-35284-AJC

WHEREFORE, the Trustee respectfully requests that this Court enter an Order: (i) compelling the Debtor to turnover to the Trustee the sum of $12,902.42, which sum represents the petition-date balances held in the Debtor's Bank of America Acct. #-2991, Bank of America Acct. #-3329, and Chase Bank Acct. #-3087, within five (5) days of an Order granting this Motion; (ii) directing the turnover of the 2006 Kia Sorrento vehicle listed on Schedule B, Item #25 to Maria Yip c/o Stampler Auctions at 1914 Tigertail Blvd., Dania, FL 33004 within five (5) days of the signing of the Order, along with the title and all keys to the vehicle; and (iii) granting any such additional relief as this Court deems Just and Proper.

Dated: September 12th, 2014

        ROBERT A. ANGUEIRA, P.A.
        6495 S.W. 24th Street
        Miami, Florida 33155
        Tel. (305) 263-3328
        Fax (305) 263-6335
        e-mail rangueir@bellsouth.net

        By _____/s/_____
          ROBERT A. ANGUEIRA
          Florida Bar No. 0833241

CASE NO.: 13-35284-AJC

## **CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 12th day of September, 2014, to the Debtor.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 12th day of September, 2014, to:

- Alexander J Alfano     aalfano@lawalfano.com,  paralegal@lawalfano.com
- Robert A Angueira     rangueir@bellsouth.net,  susan@rabankruptcy.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
- Maria Yip     trustee@yipcpa.com,  myip@ecf.epiqsystems.com

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail rangueir@bellsouth.net

By _____/s/_____
    ROBERT A. ANGUEIRA
    Florida Bar No. 0833241

4